UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JIMENEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TAMPKINS,<br><br>　　　　　Respondent. | Case No. 1:19-cv-00187-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 11 |

Petitioner Richard Jimenez, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On July 12, 2019, respondent moved for dismissal of the petition, arguing that petitioner filed outside the statute of limitations and failed to exhaust some of his federal claims in his state-level petitions. ECF No. 11. On September 20, 2019, petitioner filed an opposition but did not address either the statute of limitations or exhaustion. *Id*. We find that petitioner filed his petition outside the statute of limitations period and recommend that the court dismiss the petition as untimely. We decline to analyze respondent's exhaustion argument.[1]

---

[1] We also decline to analyze the merits. Although we may analyze and dismiss unexhausted claims on the merits if it is "perfectly clear" that petitioner "failed to present a colorable federal claim," we are not obligated to do so. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); 28 U.S.C. § 2254(b)(2).

1

**Discussion**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with the statute of limitations set by 28 U.S.C. § 2244(d). The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.; *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

The statute of limitations period can be tolled in various ways. For example, a petitioner can benefit from equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

**Statute of Limitations Period**

In most habeas cases, the statute of limitations period begins on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In rare circumstances, a different event may trigger the beginning of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B-D). Neither petitioner nor respondent claims that any of the rare circumstances of § 2244(d)(1)(B-D) are present here. Therefore, we must determine when petitioner's judgment became final—by either the conclusion of direct review or the expiration of time to seek such review.

Petitioner's direct appeal was denied on May 2, 2016. ECF No. 1 at 3. He did not seek further direct review in the state supreme court, and the statute of limitations began to run the day after he ran out of time to do so.[2] *See* Fed. R. Civ. P. 6(a)). Therefore, absent any statutory or equitable tolling, petitioner had until June 11, 2017 to file his federal petition.

**Statutory Tolling**

Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction or other collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'—i.e., 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

After petitioner's direct appeal was denied, he proceeded to petition for seven state-level writs of habeas corpus. ECF No. 11 at 2. Petitioner's first three petitions were filed and denied before the statute of limitations period began to run. *Id*. Petitions filed and denied before the statute of limitations starts to run have no effect on tolling. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (stating that, although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing"). Petitioner's first three petitions therefore did not toll the statute of limitations.

Between the finality of direct review on June 11, 2016 and petitioner's September 7, 2016 filing of his fourth petition, 87 days of the limitations period elapsed. The fourth petition was denied on October 18, 2016. ECF No. 11 at 2. Therefore, petitioner is afforded 42 days of statutory tolling for the time during which his fourth petition was pending. ECF No. 11 at 7. *See* 28 U.S.C. § 2244(d)(2).

---

[2] The denial became final 30 days after the judgment, *see* California Rules of Court, rule 8.366(b)(1), and the time for appealing the final judgment expired 10 days after it became final, *see* California Rules of Court, rule 8.500(e)(1).

Petitioner filed his fifth petition on December 29, 2016—71 days after the denial of his fourth petition. Respondent argues that the 71-day delay was unreasonable and that the fifth petition was therefore not "properly filed" for statutory tolling purposes. ECF No. 11 at 6. In California, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006). For petitions filed in a "reasonable time," a petitioner may count as "pending" the "days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Id*. at 193. This court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Id*. at 198.

A "reasonable time" to file an appeal is generally less than 60 days. *Id*. at 201. The "Supreme Court's 60-day limit is the 'benchmark' from which we will not depart without a showing of good cause." *Robinson v. Lewis*, 795 F.3d 926, 930-31 (9th Cir. 2015). The Ninth Circuit has "not yet expressly adopted a bright line rule that an unexplained delay of more than 60 days is unreasonable" and the 60-day benchmark may be exceeded under appropriate circumstances. *Id*. at 931. Here, however, petitioner has identified no good cause for his delay in filing, and we are aware of none. ECF No. 16. Under the circumstances, we agree with respondent that the 71-day filing delay was unreasonable.

Given petitioner's delay in filing his fifth petition, respondent contends that the petition was not filed properly under state law. ECF 11 at 6-7. Under AEDPA, only those petitions that are both properly filed and pending toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including rules governing "time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A state post-conviction application is "pending" if the state collateral review process is in continuance. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019).

Here, petitioner's unreasonable 71-day delay in filing his fifth petition stopped the state collateral review process. Because the final correctly-filed petition was the fourth, the fifth, sixth, and seventh petitions do not afford petitioner statutory tolling. Therefore, the statute of limitations period continued running from the October 18, 2016 denial of the fourth petition until the end of the limitations period on July 23, 2017.[3] Petitioner filed his federal habeas petition more than 18 months later, on February 7, 2019.

Even if all seven of petitioner's state actions had been properly filed and continuously pending until the final state denial, petitioner still would have fallen short of AEDPA's statute of limitations. His seventh and final state action, a petition for review before the California Supreme Court, was denied on November 21, 2017. If all previous petitions had been properly filed and continuously pending, this final petition would have extended the statute of limitations to November 21, 2018. Petitioner filed his federal habeas petition more than two months after this, on February 7, 2019.

Petitioner had the opportunity to argue that that he was eligible for a later filing date under the statutory tolling provisions of § 2244(d)(1)(B-D) or under the principles of equitable tolling. He did not do so in his opposition to respondent's motion to dismiss or elsewhere. He has not identified any extraordinary circumstances that prevented him from filing his action within the statute of limitations, he has not shown that a new relevant constitutional right was recognized, and he has not pointed to new facts that he could not have discovered previously. Therefore, he is ineligible for additional statutory tolling or equitable tolling, and his petition is time-barred.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254

---

[3] The limitations period ended on July 23, 2017. Eighty-seven days of the limitations period elapsed between June 11, 2016 and September 7, 2016. The statute of limitations was then tolled for 42 days—the time between the September 7, 2016 filing and October 18, 2016 denial of the fourth petition. The statute of limitations ran for the remaining 287 days before expiring on July 23, 2017.

Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right, and so we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court dismiss the petition as untimely and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the district court judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 17, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

6