UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JIMENEZ,<br><br>    Petitioner,<br><br>    v.<br><br>TAMPKINS,<br><br>    Respondent. | Case No. 1:19-cv-00187-NONE-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AND GRANTING MOTION TO DISMISS</u><br><br>(Doc. Nos. 11 & 20) |

    Petitioner Richard Jimenez, a state prisoner proceeding without counsel, brought this petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the sentence imposed upon him by the Fresno County Superior Court on July 29, 2014, in his underlying criminal case. Therein, petitioner asserts that he was subjected to an "illegal enhancement" and received ineffective assistance of counsel. (Doc. No. 1 at 1, 3.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Contending that the pending petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that petitioner failed to exhaust his claims before seeking federal habeas relief, respondent moved to dismiss the petition on July 12, 2019. (Doc. No. 11.) Petitioner filed his opposition to that motion on September 20, 2019, arguing the merits of his petition without addressing either the timeliness or exhaustion arguments presented by respondent in moving to dismiss the petition. (Doc. No. 16.) Respondent replied on September 27, 2019. (Doc. No. 17.)

1

On February 18, 2020, the assigned magistrate judge issued findings and recommendations recommending that this court grant respondent's motion to dismiss on the ground of untimeliness and without addressing exhaustion of the claims in state court. (Doc. No. 20.) The findings and recommendations were served on petitioner and contained notice that objections were due within fourteen (14) days. (*Id.*) The time for filing objections has passed and petitioner has failed to do so.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.[1] The issue now before the undersigned is whether this petition was timely brought under AEDPA, 28 U.S.C. §§ 2244(d)(1)-(2). Having carefully reviewed the entire record, the court finds the pending petition for federal habeas relief to be untimely filed and will adopt the findings and recommendations.

Under the § 2244(d)(1), "a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final." *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)). Under § 2244(d)(1)(A), plaintiff's conviction became final on June 11, 2016, and one year after that was June 11, 2017. (Doc. No. 20 at 3.) But ascertaining the running of the one-year statute of limitations does not end the inquiry. "[T]he question of when a conviction becomes final, so as to start the running of the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2)." *White*, 281 F.3d at 924 (citations omitted). Thus, the next inquiry is whether the applicable one-year time limitation was tolled so as to make petitioner's filing of his petition in this case on February 11, 2019, timely. In this

---

[1] Having reviewed the records, the court notes that petitioner had litigated and appealed the two issues in this case—"illegal enhancement" and ineffective assistance of counsel—in seven different actions he has filed in state court before bringing this federal habeas action. The state court had found the two issues raised by petitioner to be meritless. (Doc. Nos. 12-2 at 5 (affirming the trial court's denial of a Marsden motion because "the record overwhelmingly supports the trial court's conclusion"); 12-6 at 2 (finding that petitioner had executed "a valid change of plead form"); 12-16 at 1 (denying petitioner's writ of habeas corpus because it "will not entertain habeas corpus claims that could have been, but not raised, on appeal"); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding that "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary") (citing 28 U.S.C. § 2254(e)(1)).

regard, petitioner filed his application for federal habeas relief with this federal court 976 days after June 11, 2016. Pursuant to AEDPA, the one-year time limitation is tolled "while a properly filed state habeas petition is pending in state court"; a petition "is 'pending' as long as the ordinary state collateral review process continues." *Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019) (citation omitted). Here, the pending findings and recommendations painstakingly and correctly detailed the tolling calculation stemming from each of petitioner's seven state habeas actions, beginning with the first postconviction application in state court on March 16, 2015 to the last, the November 21, 2017 denial of a petition for review by the California Supreme Court. (Doc. No. 20 at 3-5.) The undersigned need not repeat that review here. Ultimately, however, even if petitioner's one-year time limitation for the filing of his application for federal habeas relief was tolled until November 21, 2017, the instant petition was still untimely filed because it was not submitted until February 11, 2019—or 447 days after the statute of limitations had expired. (*Id.* at 5.)

The magistrate judge also considered whether petitioner might be entitled to equitable tolling of the statute of limitations. To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). The court agrees with the conclusion reached in the pending findings and recommendations that petitioner "has not identified any extraordinary circumstances that prevented him from filing his action within the statute of limitations." (Doc. No. 20 at 5.) Without equitable tolling, the pending petition is time-barred under § 2244(d)(1) despite application of statutory tolling under § 2244(d)(2).

Having found petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should be issued. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a).

If, as here, a court grants a motion to dismiss a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. Cf. *Engle v. Isaac*, 456 U.S. 107, 126–27 (1982) (recognizing that a writ of habeas corpus "entails significant costs" and "[c]ollateral review of a conviction extends the ordeal of trial for both society and the accused"). The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 18, 2020 (Doc. No. 20) are adopted in full;
2. Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 11) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES DISTRICT JUDGE

4